[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR ORDER #129
This is the defendant's motion for an order changing the primary residence of the minor children to his home.
The parties are the parents of two minor children: Raymond James Bedard, born February 15, 1988 and Cory Marcel Bedard, born May 16, 1990. The dissolution of the parties marriage was entered on October 14, 1992. In the decree, joint custody was awarded to the parties, with primary physical residence with the plaintiff mother, and visitation rights to the father. During the course of CT Page 12925 the Family Relations evaluation in this matter, the parties agreed to additional visitation time with the father.
While Mr. Bedard seeks a change in the primary residence of both children, little evidence was presented which related to the needs and interests of Cory. Indeed, outside the evidence regarding the mother's disciplinary problems with both children, the court knows nothing about Cory, and has insufficient evidence with which to act.
Mr. Bedard brings this action because of his concerns with the childrens' weight gain, sleeping habits, hygiene and lack of boundaries. He believes he can provide a healthier more structured, and more stable home.
The court heard testimony from both parties, Diana Stacy, the defendant's fiance, the Family Relations counselor, Ronald Stavnezer, and Larry Byron, a therapist treating the children.
The parties both retain much bitterness and anger toward each other. Their feelings were evident in the courtroom, where they could not contain the physical manifestations of their anger toward and disrespect for each other. Their continuing conflict is reflected in the behavior and emotional problems exhibited by their son Raymond.
The parties separated when Raymond was three and Cory 16 months old. The children and their mother have continued to live in the marital home. Since the dissolution, Raymond has exhibited a clingingness toward his mother, and the symptoms of a child with abandonment fears. Partially because of Raymond's needs and partially because of the plaintiff's, mother and son have developed an overly dependent relationship which exacerbates the child's problems. Raymond's extreme emotional distress is apparent in his bedwetting, anxiety and low impulse control.
Each of the parties sees Raymond's difficulties as reflective of their own positions. Rather than work together to address the child's distress, they have become more polarized, and contributed to it. While paying lip service to the notion of decreased conflict, visitation and its accompanying transitions are marked by tension. Raymond internalizes this tension and manifests it in stomach aches and bad behavior. It is no coincidence, that, aware of the upcoming custody proceeding, Raymond has misbehaved badly at school. CT Page 12926
The plaintiff sought help for herself and the children in August of 1994. Raymond's therapist describes him as a pleasant, very sensitive and sometimes stubborn child. He describes the mother-son relationship as intense and overly close. He says progress is being made, through therapy, to address Raymond's anxiety and the intensity of the relationship.
Mr. Stavnezer and Mr. Byron agree that Raymond expresses no anxiety about his father. While Mr. Stavnezer recommends the move requested by Mr. Bedard, Mr. Byron does not. His therapist says that, for Raymond, a move represents the problem of his perceived loss of his mother, and would be detrimental to a child already racked by fears of abandonment. He believes that a move would be like an amputation, and is too drastic of a solution to the very real problems confronting the parties and Raymond. He believes all intermediary steps should be exhausted before a move is contemplated.
The court believes that both parents are sincere in their concern for their children, but are entrenched in their long running and familiar battles. A change in their behavior might result in changes in the behavior of the children, and an easier and more relaxed atmosphere for everyone. The hard work necessary to attain this goal should be undertaken by the parents before either child is exposed to major changes which might prove emotionally harmful. Mrs. Bedard underestimates her contribution to Raymond's problem and Mr. Bedard underestimates the trauma and loss to Raymond involved in the move he suggests. Under the circumstances now existing, while the court is concerned for the children's emotional health, it cannot find that a move is in the best interest of the children, or would be anything but emotionally devastating.
The motion is therefore denied, but the court enters the following orders:
1. The mother is to continue individual therapy
2. The children are to continue therapy with Mr. Byron
 3. Mr. Bedard shall be included and participate in the childrens' therapy as directed by Mr. Bryon
4. Mr. Bedard shall attend the parent education classes, CT Page 12927 forthwith
 5. Upon Mr. Bedard's completion of those classes the parties are referred to Family Relations to mediate the issue of summer visitation
 6. Each of the parties is ordered to provide the other with a picture of themselves, with the children, engaged in a happy moment or activity. The parties are each ordered to prominently display this picture of the other parent and children in his or her home.
 7. Neither of the parties is to speak disparagingly of the other, and each is to refrain from informing the children of contemplated legal action.
ELAINE GORDON, JUDGE